Dear Mr. Caswell:
I am in receipt of your request for an Attorney General's opinion on behalf of the St. Landry Parish School Board. You indicate that the School Board had employees who began their employment in 1977 as teachers' aides and then in 1978 became bus drivers in addition to being teachers' aides. You state that when the employees began employment in 1977 as teachers' aides, deductions from their salaries were properly made and put into the Teachers' Retirement System. You also state that there is no dispute that teachers' aides were employees who fell within the jurisdiction of the Teachers' Retirement System. When the employees also became bus drivers there is no dispute that the bus drivers were employees that fall under the jurisdiction of the Louisiana School Employees' Retirement System. However, as you indicated, the law prior to September 6, 1991, prohibited an employee from contributing to more than one public retirement system despite dual employment.
You ask the following questions in your request:
 1) Whether or not LSA-R.S. 42:701 required the School Board as the employing agency to offer any employees holding dual employment and eligible for both the Teachers' Retirement System and the Louisiana School Employees' Retirement System to be given a choice as to which retirement system the employee wished to be a member. Specifically, you ask, as of January 1, 1978, did R.S. 42:701 require the School Board to offer an employee holding dual employment the opportunity to choose the Louisiana School Employees' Retirement System rather than the Teachers' Retirement System that they had originally been placed into in 1977 when hired as teachers' aides.
 2) If the School Board did have a requirement to offer the employees a choice as to which retirement system the employees wished to belong, then is the School Board's failure to give that choice to the employee amount to an administrative error as referred to in LSA-R.S. 11:1132?
LSA-R.S. 42:701 was redesignated as LSA-R.S. 11:191 pursuant to Acts 1991, No. 74 § 3. However, a review of LSA-R.S. 42:701 is necessary since it was in effect at the time this situation occurred.
LSA-R.S. 42:701 provided the following:
 Notwithstanding any other provisions of law to the contrary, and particularly R.S. 17:893 and R.S. 17:894, any person who is employed by more than one public agency within this state, and who, by reason of such employment, is eligible, as a condition of such employment, to be a member of the public retirement system or fund applicable to employees of each of such public agencies, shall not be allowed, on or after January 1, 1978, to be a contributing member of more than one such retirement system of the member's choice. The retirement system or systems of which the employee chooses not to continue active membership in, shall refund to such member all employee contributions for the period during which he contributed to more than one retirement system. Such person shall contribute only to the retirement system in which he continues membership, on the salary from the agency which allows such membership. All laws which require him to join a retirement system or fund as a condition of employment shall not be applicable. The employee may retain only one year of credit in the retirement system he chooses to keep his membership in for each year that he was a member of more than one system. He may retain any other credit if it was earned during a period when he was a member of only one retirement system. If the member has military service credit in any system or systems, he shall only be allowed such military service in one system, and such military service credit shall be limited to a maximum of four years. Any of the above mentioned credit that the member is allowed to retain under this Section may be used by the member, if the member takes advantage of R.S. 42:697. (Emphasis added).
LSA-R.S. 11:191A which was effective June 25, 1991, requires dual membership in more than one retirement system when a person has dual employment. However, this does not apply when one position is in a municipal retirement system. Section B allows any person who is a member of any public retirement system on September 6, 1991, and who has not been allowed to become a member and to make contributions to the retirement system or fund to purchase the service credit to which he would have been entitled. Section A 
B state the following:
 A. Any person who is employed in more than one public employment within this state, and who, by reason of such employment is eligible, as a condition of such employment, to be a member of the public retirement system or fund applicable to employees in each of such public employments, shall be a contributing member of each such retirement system or fund during the term of his employment. In no event shall such person be allowed to earn more than one year of service credit in any one year. Service credit earned in more than one retirement system or fund in any one year shall not be transferred or recognized reciprocally to attain more than one year of service credit in any one system in any one year.
 B. Any person who is a member of any public retirement system or fund on September 6, 1991, who has been employed in any public employment within the state and who has not been allowed to become a member of and to make contributions to the retirement system or fund applicable to employees in such public employment shall be allowed to purchase the service credit to which he would have been entitled in the system had he been an active contributing member of the retirement system or fund during the full term of his employment, by paying to the retirement system or fund an amount that totally offsets the actuarial cost of the receipt of the service credit. The employer for that employment may pay one-half of the actuarial cost of the receipt of the service credit; however, if the employer pays one-half of the actuarial cost for one employee, the employer shall pay one-half of the actuarial cost for all employees purchasing service credit under this Section provided the respective retirement system has a policy, in effect prior to August 15, 1995, for purchase of such service credit. If a retirement system does not have a policy for purchase of service credit as provided in this Subsection, then the employee shall pay the entire actuarial cost of the receipt of service credit provided in this Section.
After reviewing the applicable statutes, it appears that the School Board was in error by not offering the employees-in-question an opportunity to select and contribute to the retirement system of their choice. LSA-R.S. 42:701
specifically states that an individual shall be allowed to contribute to a retirement system of his choice.
In your second question, you ask if the first question is in the affirmative, whether the School Board's failure to give that choice to the employee amounts to an administrative error as referred to in LSA-R.S. 11:1132.
LSA-R.S. 11:1132 states:
 Whenever it is discovered that due to the administrative error on the part of an employing agency, an active member of this system has not received retirement credit, upon application of the member, and his payment to the system of an amount equal to the employee contributions that he should have made, he shall be entitled to the credit. Immediately following the application and payment by the member, the employing agency administratively at fault shall pay to the retirement system an amount calculated in accordance with the provisions of R.S. 11:158, less an amount equal to the amount paid by the member.
After a review of the law and facts, it would appear that the School Board did make an administrative error by not allowing these employees to select the Retirement System of their choice. Therefore, the School Board will be responsible for paying the difference between the dollar amount required to place these employees with the years of credit they should have had with Employees' Retirement System as opposed to the credit they have with the Teachers' Retirement System.
Once these employees have been given the years of credit they should have had with the Employees' Retirement System please refer to LSA-R.S. 11:191B for the specifics on an employee purchasing the service credit to the retirement system that they were not allowed to become a member of while LSA-R.S. 42:701 was in effect. The employees-in-question then have the option of purchasing back the years of credit they could have had with the Teachers' Retirement System. Remember an employer may pay up to one-half of the actuarial cost of the service credit. However, if the employer pays one-half of the actuarial cost for one employee, the employer shall pay one-half of the actuarial cost for all employees purchasing service credit under this section provided the respective retirement system has a policy in effect prior to August 15, 1995, for purchase of such service credit.
I hope this opinion sufficiently addresses you concerns.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL
RPI/BCL/sc
98-41.op